**George Lee FLYTHE, Plaintiff,**

v.

**Jack F. DAVIS, etc., et al., Defendants.**

**Civ. A. No. 75–0488–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 10, 1976.

George Lee Flythe, pro se.

M. Stuart Bateman, Asst. Atty. Gen., Richmond, Va., for defendants.

### MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a Virginia state inmate, brings this action under 42 U.S.C. § 1983 against various state correctional officials in which he challenges the proceedings through which he was placed in maximum security status. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1342. The matter comes before the Court on defendants' motion for summary judgment and plaintiff's response thereto.

The file reflects that under date of March 30, 1975, Horace Shipp, an inmate, was stabbed by a fellow inmate at the Virginia State Penitentiary. Subsequent thereto an inmate informant contacted prison officials and stated that plaintiff had earlier attempted to hire him to kill Shipp. According to the informant when he refused plaintiff's offer, plaintiff stated he would himself kill Shipp. Prison officials additionally obtained statements from Shipp identifying plaintiff Flythe as his attacker.

Moreover, additional inmates informed authorities that they had witnessed the incident and named plaintiff as the attacker. Shortly following the stabbing incident, blood stained clothes and shoes were found in plaintiff's cell and the knife was found adjacent thereto.

On April 1, 1975, after hearing the aforementioned evidence the Adjustment Committee decided to take no action but to refer the matter to the Commonwealth's Attorney. On April 4, 1975, the Institutional Classification Committee (I.C.C.) determined to place plaintiff in maximum security (C Building) pending investigation with review of his status every 120 days. Inmate Shipp's reluctance to testify against Flythe prompted a dismissal of the then pending criminal prosecution. Consequently, plaintiff was afforded another I.C.C. hearing on August 7, 1975 at which time it was decided that Flythe should remain in C Building. The Central Classification Board (C.C. B.), however, disapproved the I.C.C. action because the August 7, 1975 hearing was lacking in due process. The I.C.C., at this time, referred the matter to the Adjustment Committee which conducted full hearings on August 25 and 26, 1975, and concluded that Flythe was guilty of the assault charges. The Adjustment Committee then referred the matter back to the I.C.C. for security recommendations. At this I.C.C. hearing on August 29, 1975, it was decided that plaintiff would remain in C Building with review every 120 days. Plaintiff contends that his due process rights were violated by (1) the use of hearsay evidence at the Adjustment Committee hearings, and (2) the failure of prison officials to call inmate Shipp to testify at Adjustment Committee and I.C.C. hearings as requested by plaintiff.

■ Plaintiff's first contention merits little discussion. The unique environment of a prison, particularly in the context of a disciplinary hearing relating to inmate violence, justifies a lesser standard of evidentiary requirements than utilized in criminal trials. Cf. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Landman v. Royster*, 333 F.Supp. 621 (E.D.Va.1971). The utilization of hearsay evidence did not in this instance work so as to deprive plaintiff of due process of law. There was sworn testimony of several prison officials before the Adjustment Committee to substantiate the charges. Plaintiff was given an opportunity to and did contradict the hearsay testimony. This Court has prior hereto approved of the use of hearsay evidence at an Adjustment Committee proceeding and reiterates that view. *Nimmo v. Simpson*, C.A. No. 163–73–R (E.D.Va. July 19, 1973).

■ Additionally, plaintiff complains of the hearing officials' refusal to call inmate Shipp to testify at any Adjustment Committee or I.C.C. hearings. The Court finds no error in this regard. Prison regulations specify procedures by which an inmate may request the production of witnesses at his Adjustment Committee hearing. Records contained in the file indicate that plaintiff was given an opportunity to make such a request but refused to do so pursuant to those regulations. Plaintiff contends however, that he made a request to have inmate Shipp testify at his hearing. The failure to have Shipp testify directly before the hearing board is of little consequence. Plaintiff was permitted to and did submit Shipp's affidavit which unequivocally exonerated plaintiff from participation in the stabbing. Shipp's presence could at the most have subjected him to examination by the prison officials. It is clear that the Adjustment Committee simply did not accept this factual for statements contained by Shipp in his affidavit, and chose instead to accept Shipp's earlier statement and the other evidence previously discussed.

■ Federal courts will not serve as a reviewing board over the accuracy of a disciplinary committee's findings of fact. *Woodard v. Mills*, No. 74–2088 (4th Cir. March 17, 1975). Concluding therefore that the plaintiff was afforded due process in the disciplinary proceedings, defendants' motion for summary judgment must be granted.

An appropriate order will issue.