**Eddie G. PHILLIPS**

v.

**J. S. GATHRIGHT et al.**

**Civ. A. No. 79–0028.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

April 13, 1979.

Eddie G. Phillips, petitioner, pro se.

Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM OPINION and ORDER

DALTON, District Judge.

Plaintiff Eddie G. Phillips brought this suit under 42 U.S.C. § 1983 against defendants who are officials at the Staunton Correctional Center, where Phillips is imprisoned. He complains that defendants violated his constitutional civil rights by punishing him for keeping in his cell a 2½ foot-long stick. His theory is that because other prisoners in his unit have possession of more serious weapons, such as knives and scissors, and they are not punished, the discipline imposed on him (5 days solitary confinement) is irrational and discriminatory.

Defendants made a motion to dismiss Phillips' complaint, and this court, in an earlier opinion, noted that plaintiff's allegations did, indeed, fail to state a claim upon which relief may be granted. The court explained that it may not serve as a reviewing board over the accuracy of a disciplinary committee's findings of fact. *Flythe v. Davis,* 407 F.Supp. 137 (E.D.Va. 1976). It acknowledged, however, that plaintiff may state a claim if he can show that his punishment was arbitrary. As an example was cited the case of *Howard v. Smyth,* 365 F.2d 428 (4th Cir. 1966). Plaintiff Howard had requested of prison officials that he and other Black Muslim inmates be allowed to conduct their own religious services. The prison superintendent called Howard before him and demanded the names of the other Black Muslim inmates. Howard refused this demand and he was ordered confined in maximum security, where he remained over 4 years. The Court held "that where a prisoner, acting not surreptitiously but frankly and candidly through proper channels, requests arrangements for religious services but refuses to divulge the names of the other interested prisoners, and as a result is summarily confined in the maximum security ward for a period of years, the only reasonable conclusion is that he is being arbitrarily punished." 365 F.2d, at 431. Punishment is not arbitrary simply because others escape punishment for the same, equal or even worse behavior. Black's Law Dictionary (1st Ed., 1891), defines arbitrary as "not supported by fair, solid, and substantial cause, and without reason given." *Howard* requires that if prison disciplinary measures are to be voided as arbitrary, they must be based on illicit reasons or no reason at all.

Plaintiff has been given the opportunity to amend his complaint to state a proper claim, but his response adds nothing to what was originally alleged. Therefore, this complaint is ORDERED dismissed, for failure to state a claim upon which relief may be granted. Rule 12(b)(6), F.R.C.P.